UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00526-MR

| JAMES E. CRAWFORD, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| JOHN DOE #1, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on its own motion on Plaintiff's failure to respond to the Court's Order to Show Cause why Defendant John Doe #1 should not be dismissed as a Defendant in this matter [Doc. 47].

Pro se Plaintiff James E. Crawford ("Plaintiff") is a North Carolina prisoner currently incarcerated at Neuse Correctional Institution in Goldsboro, North Carolina. Plaintiff filed this action in this Court on September 1, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff named the following Defendants: (1) Charlotte-Mecklenburg County Jail; (2) Kenneth Lassiter, identified as the Director of Prisons; (3) John Doe #1, Assistant/Deputy Jailor, 3rd Shift, Charlotte-Mecklenburg County Jail; (4) John Doe #2, Chief Jailor, Charlotte-Mecklenburg County Jail; (5) Letitia Owens, RN, Nursing/Medical Supervisor, Lumberton Correctional Institution;

(6) Samir Jawad Ridha, Dr., Dentist (D.D.S.), Lumberton Correctional Institution; and (7) FNU Waack, Dr., Dentist (D.D.S. Orthodontist), Central Prison Hospital. [Doc. 1].

Plaintiff alleged that, while a pre-trial detainee at the Mecklenburg County Jail, he was diagnosed with unstable blood pressure and was given a "no-standing" order by doctors. Plaintiff further alleged that, despite the no-standing order, Defendant John Doe #1 ordered Plaintiff, on November 16, 2015, to walk out of his cell and to stand for roll call. Plaintiff alleged that he fell, hitting the concrete face-first, was seriously injured as a result, and had to undergo extensive surgery to his face. Plaintiff further alleged that when he was subsequently transferred to Lumberton Correctional Institution and then to Central Prison (both of which are located in the Eastern District of North Carolina), Defendants Owens, Ridha, and Waack were deliberately indifferent to his serious medical needs by refusing to provide him with the medical treatment he needed for his injuries to his face and, specifically, to his mouth. Plaintiff purported to bring an Eighth Amendment claim against Defendants for deliberate indifference to serious medical needs. In short, the Plaintiff alleges actions giving rise to injuries, some of which are alleged to have occurred in the Western District of North Carolina and some of which are alleged to have occurred in the Eastern District of North Carolina, with

the majority of the Defendants alleged to be present in the Eastern District. This Court transferred the action to the Eastern District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a). [Doc. 9].

On April 15, 2019, the Eastern District conducted an initial review of the Complaint, allowing Plaintiff's claims to proceed but dismissing Defendants Mecklenburg County Jail and John Doe #2 for the reasons stated in that Court's Order. [Civil Case No. 5:18-ct-03229-BO, Doc. 15]. This left John Doe #1 as the only remaining Western District Defendant.

Recently, on motions to dismiss by Defendants Lassiter, Owens, Ridha, and Waack, the Eastern District dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but transferred the remainder of the action back to the Western District where venue is proper against the remaining Defendant, John Doe #1. [Id., Doc. 45]. Defendant Doe #1 has never been identified or served with summons or complaint in this matter. Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure,

3

Case 3:17-cv-00526-MR   Document 49   Filed 05/27/20   Page 3 of 6

> the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  This Rule makes clear that the Court must extend the service period if the plaintiff can show "good cause" for the failure to serve. Brooks v. Johnson, 924 F.3d 104, 120 (4th Cir. 2019).  "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court." Collins v. Thornton, --- F. App'x ---, 2019 WL 3801449, at *1 (4th Cir. Aug. 13, 2019) (citations omitted).  The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010).  Initial review in this case occurred, at the latest, on April 25, 2019.

On March 21, 2020, the Court, pursuant to Rule 4(m), notified Plaintiff that it would dismiss Defendant John Doe #1 without prejudice unless Plaintiff showed good cause for the failure to timely serve this Defendant. [Doc. 47].

On March 31, 2020, Plaintiff filed with this Court a document captioned for the Eastern District of North Carolina, Case No., 5:18-ct-03229-BO, "Petition for Judicial Review 18 USCS § 3511 Petition for Modifying Order

4

Set Aside Order Entry Per Cause Presumptive Rule 301."[1] [Doc. 48]. It appears, despite its title, that Plaintiff intends this filing to be a motion to set aside or to reconsider the Order of the Eastern District granting the motion to dismiss by Defendants Lassiter, Owens, Ridha, and Waack.[2] [See id.]. Plaintiff does not address his failure to timely serve Defendant John Doe #1 in this filing. [See id.]. In fact, Plaintiff's only mention of John Doe #1 consists of a recounting of Plaintiff's allegations against that Defendant.

As such, the Plaintiff has not timely shown good cause for his failure to timely serve Defendant John Doe #1. Further, the Court declines to exercise its discretion to extend the time for service under the circumstances of this case. The Court will, therefore, dismiss Defendant John Doe #1 from this action. This leaves Plaintiff's pending motion concerning the request that the Court reconsider an order previously entered by the Eastern District. Therefore, the Court will transfer these proceedings back to the United States District Court for the Eastern District of North Carolina where Plaintiff's pending motion [Doc. 48] can be properly considered.

---

[1] Title 18, United States Code § 3511 allows a recipient of a request for certain criminal records to petition for an order modifying or setting aside the request in the United States district court in which the recipient resides.

[2] The Court, therefore, directed that this document also be transmitted for filing in the Eastern District.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant John Doe #1 is hereby dismissed as a Defendant in this case without prejudice.

**IT IS FURTHER ORDERED** that this action shall be transferred to the Eastern District of North Carolina and the Clerk is respectfully instructed to terminate the action in this Court.

**IT IS SO ORDERED**.

Signed: May 26, 2020

Martin Reidinger
United States District Judge